UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLYN SPITZER,

    Plaintiff,

v.                                                 Case No:   2:15-cv-244-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Carolyn Spitzer's Complaint (Doc. 1) filed on April 16, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On October 13, 2011, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Tr. at 100-101, 209-230). Plaintiff asserted an onset date of December 1, 2009. (Tr. at 211, 221). Plaintiff's applications were denied initially on December 21, 2011, and on reconsideration on January 19, 2012. (Tr. at 100, 101, 132, 133). A hearing was held before Administrative Law Judge ("ALJ") Hortensia Haaversen on July 19, 2013. (Tr. at 37-75). The ALJ issued an unfavorable decision on August 30, 2013. (Tr. at 21-31). The ALJ found Plaintiff not to be under a disability from December 1, 2009 through the date of the decision. (Tr. at 21).

On February 20, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on April 16, 2015. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after

determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

      The ALJ found that Plaintiff met the insured status requirements through June 30, 2015. (Tr. at 23). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2009, the alleged onset date. (Tr. at 23). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: organic and affective disorder; and degenerative disc disease of the cervical spine. (Tr. at 23). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 24). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work except:

> she can lift and carry 50 pounds occasionally and 25 pounds frequently; she can stand or walk six hours in and eight-hour workday and sit six hours in an eight-hour workday; she can occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; and she must avoid moderate exposure to hazards (due to a history of seizure activity) (based on the opinion of State agency (DDS) Edmund Molis, M.D. dated January 19, 2012 as Exhibit 8A). From a mental standpoint, she can perform simple, repetitive tasks and is capable of meeting the mental demands of that work

---

January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

>on a sustained basis; she can remember work locations and procedures and understand and remember short simple instructions and carry out short simple instructions; she can make simple work-related decisions and sustain activities without being overly distracted by coworkers or requiring special supervision; and she is able to interact with the public and adapt to changes within the simple work setting previously mentioned (based on the opinion of DDS psychological consultant Maxine Ruddock, Ph.D. dated January 18, 2012 at Exhibit 8A).

(Tr. at 25) (emphasis in original). The ALJ determined that Plaintiff is capable of performing her past relevant work as a deli clerk, finding that this work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. at 29).

In the alternative, the ALJ made a step-five finding. After considering Plaintiff's age, education, work experience, residual functional capacity and vocational expert testimony, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 30). The ALJ asked the vocational expert if jobs exist in the national economy for an individual with the limitations found in Plaintiff's RFC and adding limitations found in Plaintiff's subjective statements, including being unable to turn her head from side to side and being unable to reach overhead. (Tr. at 30). The vocational expert determined that an individual with these limitations was able to perform the requirements of Gate Guard, DOT # 372.667-030, light exertion, semi-skilled with SVP of 3. (Tr. at 30). [2] The ALJ clarified that she did not find the limitations as stated in Plaintiff's subjective statements, but even with the additional limitations, jobs exist in the local and national economy that Plaintiff can perform. (Tr. at 30-31). The ALJ concluded that Plaintiff was not under a disability from December 1, 2009 through the date of the decision. (Tr. at 31).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

On appeal, Plaintiff raises one issue, whether the ALJ's decision failed to adequately address the psychological evaluation from the Center for Behavioral Healthcare with respect to Plaintiff's immediate memory and auditory memory. (Doc. 23 at 5). The Commissioner

responds that the ALJ correctly gave only partial weight to this opinion, and Plaintiff failed to meet the burden of showing that she was unable to perform her past relevant work.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and, along with the claimant's age, education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e). An ALJ must consider all of a claimant's mental impairments that are sufficiently severe in combination with all of a claimant's impairments. *Hurley v. Barnhart*, 385 F. Supp. 2d 1245, 1256 (M.D. Fla. 2005).

The Court considered the Psychological Evaluation dated December 12, 2011, completed by Paula Bowman, Psy.D. and Cheryl Kasprzak, Psy.D from the Center for Behavioral Healthcare.[3] (Tr. at 434-438). Plaintiff was referred to Dr. Bowman and Dr. Kasprzak at the request of the Office of Disability Determinations to assist with Plaintiff's application for disability benefits. (Tr. at 434). Focusing on the issue of memory, Dr. Bowman and Dr. Kasprzak determined that Plaintiff's immediate memory was within normal limits, recent

---

[3] Dr. Bowman is a post-doctoral fellow, and Dr. Kasprzak, as a licensed psychologist, directly supervising Dr. Bowman's work. (Tr. at 438).

memory was not within normal limits, and remote memory was fair. (Tr. at 436). The Wechsler Memory Scale Fourth Edition test showed that Plaintiff functioned in the average range of ability for visual memory; below average range of ability for delayed memory; borderline range of ability for immediate memory; and extremely low range of ability for auditory memory. (Tr. at 437). Dr. Bowman and Dr. Kasprzak determined that the results of a malingering memory test showed Plaintiff had "motivational integrity." (Tr. at 437). Plaintiff's auditory memory was in the 1 percentile rank; immediate memory is in the 3 percentile rank, which according to Dr. Bowman and Dr. Kasprzak, indicated a guarded capability in these two domains. (Tr. at 437). Plaintiff was found to have moderate to good capabilities in her visual working memory and delayed memory. (Tr. at 437). Dr. Bowman and Dr. Kasprzak found Plaintiff to possess the requisite skills and cognitive capacity to manage her finances independently. (Tr. at 438). They determined that her prognosis was guarded for gainful employment. (Tr. at 438).

On January 28, 2012, consultative, non-examining psychologist, Maxine Ruddock, Ph.D., completed a Mental Residual Functional Capacity Assessment. (Tr. at 127). To complete this Assessment, Dr. Ruddock reviewed Dr. Bowman and Dr. Kasprzak's Psychological Evaluation. (Tr. at 122). Again focusing on memory, Dr. Ruddock noted that Dr. Bowman and Dr. Kasprzak's evaluation showed Plaintiff's immediate memory was within normal limits but recent memory not within normal limits. (Tr. at 122). Dr. Ruddock noted that the prior evaluation showed Plaintiff able to manage her finances independently. (Tr. at 124). Dr. Ruddock gave the prior evaluation by Dr. Bowman and Dr. Kasprzak full weight, finding it to be consistent with the medical evidence of record. (Tr. 124). Dr. Ruddock noted Plaintiff's memory limitations and found the following in each category:

**Not significantly limited:**

a) in the ability to remember locations and work-like procedures;

b) in the ability to understand and remember very short and simple instructions;

c) in the ability to carry out very short and simple instructions;

d) in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;

e) in the ability to sustain an ordinary routine without special supervision;

f) in the ability to work in coordination with or in proximity to others without being distracted by them;

g) in making simple work-related decisions; and

h) in completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

**Moderately Limited:**

a) in the ability to understand and remember detailed instructions;

b) in the ability to carry out detailed instructions; and

c) in the ability to maintain attention and concentration for extended periods.

(Tr. at 127-28). In addition to completing the form, Dr. Ruddock added an additional explanation. (Tr. at 129). Dr. Ruddock determined that Plaintiff,

> retains [the] capacity to remember work locations and procedures and understand and remember short, simple instructions. Understanding, remembering and carrying out detailed instruction may be more difficult for [Plaintiff] due to reported cognitive limitations. [Plaintiff] retains ability to carry out short and simple instructions. [Plaintiff] likely has moderate limitations in ability to maintain attention and concentration for extended periods. [Plaintiff]'s ability to maintain a consistent work pace and adhere to schedules remains intact. [Plaintiff] can make simple work related decisions and sustain work activities without being overly

8

>distracted by coworkers or requiring special supervision. [Plaintiff]'s social and adaptive capacities are generally retained; however, ability to interact appropriately with the public and to adapt to change may be intermittently compromised. In sum, [Plaintiff] retains the ability to perform at a level reflected by the [mental residual functional capacity] assessment.
>
>[Plaintiff] retains the ability to perform simple, repetitive tasks and likely has abilities to perform tasks at higher levels in spite of the moderate limitations noted above. [Plaintiff] is able to meet the basic mental demands of work on a sustained basis despite any limitations resulting from identified [medically determinable impairment].

(Tr. at 129).

The Court also reviewed neurologist, Brian D. Wolff, M.D.'s records. Dr. Wolff treated Plaintiff from June 26, 2008 through December 21, 2009. (Tr. at 353-382). On June 26, 2008, Plaintiff went to Dr. Wolff due to headaches that started with an injury at work when a box fell on Plaintiff's head. (Tr. at 353). Focusing on the issue of memory, Dr. Wolff found Plaintiff's "immediate recall, long, and short term memory intact." (Tr. at 354). This same opinion concerning Plaintiff's memory continued throughout Plaintiff's treatment with Dr. Wolff. (*See* Tr. at 354, 357, 360, 363, 367, 370, 373, 376, 381).

Turning to the ALJ's decision, the ALJ carefully reviewed Dr. Bowman and Dr. Kasprzak's psychological consultative examination. (Tr. at 24, 27, 28). The ALJ noted that Dr. Bowman and Dr. Kasprzak considered the objective memory testing and determined that the results of the test showed impaired memory function and was assessed with a cognitive disorder. (Tr. at 27). The ALJ also noted that these examiners found Plaintiff was capable of managing her own finances independently. (Tr. at 27). The ALJ afforded the psychological evaluation of Dr. Bowman and Dr. Kasprzak partial weight. (Tr. at 28). The ALJ reasoned that even though Dr. Bowman and Dr. Kasprzak determined that Plaintiff's prognosis for gainful employment was guarded, this finding conflicted with their other findings that Plaintiff was able to manage her

9

finances independently, was fully oriented and cooperative, and had normal concentration and attention. (Tr. at 28).

The ALJ also considered Dr. Ruddock's opinion and afforded her opinion partial weight. (Tr. at 28). The ALJ found Dr. Ruddock's opinion that Plaintiff retained the ability to perform simple, repetitive tasks; likely has the ability to perform tasks at higher levels in spite of her limitations; and is able to meet the demands of work on sustained basis despite her limitations to be supported by substantial evidence in the record. (Tr. at 28). However, the ALJ only afforded Dr. Ruddock's opinion partial weight because the ALJ did not find support for Dr. Ruddock's opinion that Plaintiff is moderately limited in her ability to interact appropriately with the general public. (Tr. at 28). Overall, the ALJ found Dr. Ruddock's opinion to be supported by the evidence of record including her notes. (Tr. at 28).

Plaintiff asserts that the ALJ erred in failing to consider all of Plaintiff's non-exertional impairments. In the decision, Plaintiff contends that the ALJ listed organic mental disorder as a severe impairment, and in the RFC found Plaintiff was limited as found by the psychological consultant to the State Disability Determination Service ("DDS"). Plaintiff argues that the categories on the form completed by the psychological consultant to the DDS did not include all of the possible limitations. Specifically, Plaintiff asserts that she has a below average range of ability in the delayed memory index; average range of ability in the visual and visual working memory indices; extremely low range of ability on the auditory memory index; and borderline range of ability in the immediate memory index. Moreover, Plaintiff asserts that she has an auditory memory index in the one percentile range. Plaintiff argues that the ALJ did not account for these mental limitations.

The Commissioner responds that in formulating Plaintiff's RFC, the ALJ considered the medical evidence, including the medical records from Plaintiff's treating physicians Dr. Brian Wolff and Dr. Randolph Geslani; the psychological consultative examination report from Dr. Paula Bowman and Dr. Cheryl Kasprzak; and the opinion of Dr. Maxine Ruddock, a State agency psychological consultant. Further, the Commissioner contends that the ALJ only gave partial weight to the opinion of Dr. Bowman and Dr. Kasprzak because it was not supported by the other evidence in the record showing that Plaintiff had no memory problems.

In this case, the ALJ carefully reviewed the medical evidence. The ALJ reviewed the psychological evaluation of Dr. Bowman and Dr. Kasprzak. The ALJ noted the findings of these psychologists, including the findings concerning Plaintiff's memory issues. The ALJ also carefully reviewed the findings of Dr. Ruddock. Dr. Ruddock considered the psychological evaluation of Dr. Bowman and Dr. Kasprzak when rendering her mental residual functional capacity assessment. Dr. Ruddock specifically mentioned Dr. Bowman and Dr. Kasprzak's psychological evaluation and noted that Plaintiff had certain memory limitations. After reviewing those records as well as the rest of the file, Dr. Ruddock completed the mental residual functional capacity assessment. Dr. Ruddock did not just complete the mental residual functional capacity assessment form, but explained each of her findings in the "Additional Explanation" section. In this explanation, Dr. Ruddock explained why she limited Plaintiff to short, simple, repetitive tasks, and found Plaintiff likely to have abilities to perform tasks at a higher level. The Court finds that the ALJ relied on the opinion of Dr. Ruddock in formulating Plaintiff's RFC by adopting the limitations found by Dr. Ruddock. Dr. Ruddock considered Dr. Bowman and Dr. Kasprzak's opinion when formulating her assessment. By considering the medical evidence of record including Dr. Bowman's, Dr. Kasprzak's, and Dr. Ruddock's

opinions, the ALJ properly formulated Plaintiff's RFC. The Court finds that the ALJ's decision is supported by substantial evidence in her determination of Plaintiff's RFC. Therefore, the ALJ did not err in the formulation of Plaintiff's RFC.

Plaintiff also argues that a job requiring frequent hearing and speaking "may be problematic for a person with an extremely low auditory memory, where a job that does not involve hearing and speaking would not be, even though the skill level and complexity of the jobs were similar." (Doc. 23 at 7). Plaintiff argues that her RFC should have included a finding that Plaintiff "would not be able to perform jobs where hearing and listening to information, processing the information, and then acting upon such information, is involved in the position." (Doc. 23 at 7). The Commissioner responds that Plaintiff's assertion that "a job where hearing and speaking is frequently present, may be problematic for a person with an extremely low auditory memory" is not contained in any medical opinion. (Doc. 28 at 10). The Commissioner also asserts that Plaintiff never alleges that her past relevant work as a deli clerk requires frequent hearing and speaking, and Plaintiff failed to meet her burden of showing that she was unable to perform the work related activities of a deli clerk. (Doc. 28 at 10).

The Court finds that Plaintiff failed to cite to any medical evidence of record that required Plaintiff to be limited to jobs where hearing and speaking are infrequent. Further, Plaintiff failed to show that a deli clerk has the requirement of frequent hearing and speaking, or that Plaintiff's limitations would render her unable to perform the job of deli clerk. Therefore, the Court finds that the ALJ did not err in failing to limit Plaintiff to jobs with infrequent hearing and speaking.

Plaintiff throws in a final sentence arguing that the ALJ should have utilized a medical advisor to explain Plaintiff's auditory memory deficit and how that would impact her ability to

12

perform work related activities. The Commissioner responds in a footnote that substantial evidence supports the ALJ's determination of Plaintiff's RFC and a medical advisor was not necessary for the ALJ to reach her decision.

Even though the ALJ has a duty to develop the record, a plaintiff must show prejudice before a court will find that a plaintiff's "right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). To determine if prejudice exists, the Court must determine if the record contains evidentiary gaps, which will result in unfairness or clear prejudice. *Id.* (citing *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)). A court must keep in mind that it must affirm an ALJ's decision if there exists "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

In this case, the ALJ's determination of Plaintiff's RFC was supported by substantial evidence. Although the assessment of Dr. Bowman and Dr. Kaszprak found Plaintiff's prognosis to be guarded for gainful employment, Dr. Ruddock reviewed their assessment and reached a different conclusion. The ALJ relied on Dr. Ruddock's assessment to determine Plaintiff's mental limitations in Plaintiff's RFC. Moreover, Plaintiff failed to show any gap in the medical evidence will result in unfairness or clear prejudice. The Court finds that the ALJ's decision is supported by substantial evidence, and the ALJ did not err in failing to obtain the testimony of a medical advisor.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decisions of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 16, 2016.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties